Charles Weldon BEASLEY, Appellant,

v.

STATE of Texas, Appellee.

No. 11–83–268–CR.

Court of Appeals of Texas,
Eastland.

Dec. 20, 1984.

Rehearing Denied Jan. 10, 1985.

Robert J. Glasgow, Stephenville, for appellant.

Jimmy A. Ashby, Dist. Atty., Palo Pinto, for appellee.

RALEIGH BROWN, Justice.

Charles Weldon Beasley, reserving his right to appeal, pled guilty to possession of marihuana and was sentenced to ten years confinement in the Texas Department of Corrections.

Upon affidavit of Texas Department of Public Safety Officer Kenneth Perry, a search warrant was issued whereby Palo Pinto County law enforcement officers searched certain lands in Palo Pinto County. Growing marihuana plants were discovered. Beasley was arrested for possession of such marihuana. At a pre-trial suppression hearing, Beasley challenged the validity of the search warrant. The trial court denied appellant's motion to suppress the evidence. Reserving his right to appeal, Beasley entered his plea of guilty and was sentenced by the trial court. We affirm.

Appellant initially challenges the validity of the search warrant and the admission into evidence of the marihuana that was seized during the execution of the search warrant and photographs taken of the growing marihuana. The growing marihuana was found in a wooded area closely resembling that discussed in *Hurwitz v. State*, 673 S.W.2d 347 (Tex.App.—Austin 1984, no pet'n) in which, the court found the wooded area to be an "open field." In the instant case, evidence established that the land in question was located in a rural area. A mobile home, a barn and a shed were located on the land. The marihuana field was about 100 yards from those structures.

An open field may be any unoccupied or underdeveloped area of land outside the curtilage of a dwelling. *Hurwitz* at 349. Curtilage is the area of land immediately adjacent to the dwelling to which intimate activities of the home life extend. The court in *Hurwitz* said, "The 'open fields' doctrine is based upon the premise that the Fourth Amendment accords 'special protection ... to the people in their persons, houses, papers, and effects,' [and] is not extended to open fields," citing *Hester v. United States*, 265 U.S. 57, 59, 44 S.Ct. 445, 446, 68 L.Ed. 898 (1924). We find the land in the instant case where the marihuana was growing to be an "open field."

The "open field doctrine" allows a law enforcement officer to enter and search an area of land without a warrant. *Oliver v. United States*, —— U.S. ——, 104 S.Ct. 1735, 80 L.Ed.2d 214 (1984); *Goehring v. State*, 627 S.W.2d 159 (Tex.Cr.App. 1982). Since the land in question was an open field, no search warrant was necessary for the law enforcement officers to enter the land and seize the marihuana. We hold that the seizure of the marihuana was, therefore, legal and there is no necessity to pass on the issue of the validity of the search warrant as relating to probable cause or the property description. The pictures taken of the growing marihuana plants were, accordingly, properly admitted into evidence. Therefore, these grounds of error are overruled.

■ Appellant next urges that the trial court erred in admitting evidence secured from appellant's barn, mobile home and general premises that constituted mere evidence of the crime. Appellant also asserts that there was no probable cause to search the mobile home, the barn and the shed, all located on the land in question. Upon appellant's guilty plea, the State had the burden of introducing sufficient evidence into the record showing appellant's guilt. This is all that is required to enter a finding of guilty based on a guilty plea. *Polk v. State*, 547 S.W.2d 605 (Tex.Cr.App. 1977); *Edwards v. State*, 463 S.W.2d 733 (Tex.Cr.App.1971); *James v. State*, 643 S.W.2d 439 (Tex.App.—Tyler 1982, pet'n ref'd). In the instant case, the State put into evidence photographs of the marihuana found growing in the "open field." The State also linked appellant to the growing of the marihuana. We find this to be sufficient to sustain appellant's guilt based on his plea. Therefore, any error that may have occurred in admitting evidence seized from the mobile home, the barn or the shed was harmless. *Ward v. State*, 657 S.W.2d 133 (Tex.Cr.App.1983); *Christian v. State*, 592 S.W.2d 625 (Tex.Cr.App.1980). These grounds are overruled.

■ Appellant next urges that the police had no probable cause to arrest him and that any evidence obtained as a result of the arrest should have been excluded by the trial court. On orders of Sheriff Turpin, Deputy Tucker caused the initial detention of appellant which led to his arrest. Turpin testified to specific articulable facts which gave him adequate cause to have appellant detained. Upon being stopped, Tucker asked appellant if he lived around the area. Appellant replied that he did not live around there but that was his pasture, pointing to the land being searched. Appellant's remark "but that is my pasture" was a non-responsive answer to the question asked by Tucker, negating the necessity of *Miranda*[1] warnings. The incriminating portion of appellant's response was a non-responsive res gestae statement at the time of the arrest and was therefore admissible. *DeHart v. State*, 468 S.W.2d 435 (Tex.Cr.App.1971). Any evidence seized from appellant's person or truck was properly seized as a result of the search incident to arrest. *Lara v. State*, 469 S.W.2d 177 (Tex.Cr.App.1971). Therefore, these grounds of error are overruled.

■ Appellant next urges that the trial court erred in admitting into evidence the weight slip that reflected the amount of marihuana confiscated. He asserts that it was hearsay, and, thus, constituted "no evidence." We disagree. Appellant made no objection at trial to the admission of the weight slip. Absent a hearsay objection made timely at trial, we hold that the exhibit was properly admitted and did constitute "some evidence." *Lalande v. State*, 676 S.W.2d 115 (Tex.Cr.App.1984). This ground is overruled.

Appellant further urges that the trial court erred in admitting an exhibit that reflected the calculations made by the chemist relating to the amount of marihuana confiscated. No objection was levied at trial. Therefore, the evidence was properly admitted and constituted "some evidence." *Lalande*, supra. This ground is overruled.

■ Appellant further urges that the trial court erred in convicting him because of insufficiency of the evidence to prove possession by appellant and the amount possessed. The appellant, in a res gestae, non-responsive statement said that the pasture being searched was his. He made further comments concerning "his" livestock on the land. The weight ticket reflecting the total amount of marihuana confiscated was admitted into evidence without objection. Also, the appellant pleaded guilty to the offense. Appellant argues that this is a circumstantial evidence case. For a conviction to withstand appellate review in a circumstantial evidence case, the standard is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the

1. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

crime beyond a reasonable doubt." *Jackson v. State*, 672 S.W.2d 801 (Tex.Cr.App. 1984); *Wilson v. State*, 654 S.W.2d 465 (Tex.Cr.App.1983). Under this standard, we find the evidence to be sufficient to sustain the guilty verdict. These grounds of error are overruled.

All grounds of error have been considered and overruled. The judgment of the trial court is affirmed.

### ON REHEARING

In his motion for rehearing, appellant notes that petition for review has been granted by the Court of Criminal Appeals in *Hurwitz v. State*, 673 S.W.2d 347 (Tex. App.—Austin 1984, pet'n granted) and, therefore, should not be cited by this Court in support of the application of the "open fields doctrine." We disagree. The Court of Criminal Appeals granted limited review concerning grounds other than those for which this Court has cited the *Hurwitz* case.

Appellant also contends that Article 1, Section 9 of the Texas Constitution affords "open fields" a greater protection than the United States Constitution.

The Fourth Amendment to the United States Constitution states, in part, that "no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." Article 1, section 9 of the Texas Constitution provides, in part, that "no warrant to search any place, or to seize any person or thing, shall issue without describing them as near as may be, nor without probable cause, supported by oath or affirmation."

 We hold that the language in Article 1, Section 9 of the Texas Constitution is substantially similar to, and not more restrictive than, the language of the Fourth Amendment of the United States Constitution. Therefore, the Texas Constitution does not prohibit the application of the "open field doctrine" as described in *Oliver v. United States*, —— U.S. ——, 104 S.Ct.

1735, 80 L.Ed.2d 214 (1984) and *Goehring v. State*, 627 S.W.2d 159 (Tex.Cr.App.1982).

The motion for rehearing is overruled.