TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00407-CR






Barry McBride Carroll, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF BLANCO COUNTY, 33RD JUDICIAL DISTRICT


NO. 531, HONORABLE CHARLES J. HEARN, JUDGE PRESIDING







 This appeal is taken from a conviction for possession of marihuana in an amount
of more than five pounds but less than fifty pounds. Controlled Substances Act, 71st Leg., R.S.,
ch. 678, § 481.121, 1989 Tex. Gen. Laws 2230, 2939 (Tex. Health & Safety Code Ann. §
481.121,since amended). After a pretrial hearing, the trial court overruled appellant's motion to
suppress evidence of the fruits of a search executed by virtue of a search warrant. Appellant then
entered a plea of guilty to the indictment in a bench trial. In accordance with the plea bargain,
the trial court assessed punishment at ten years' imprisonment and a fine of five hundred dollars. 
The imposition of the sentence was suspended and appellant was placed on probation for ten years
subject to certain conditions.

 Appellant's notice of appeal was in compliance with Rule 40(b)(1). Tex. R. App.
P. 40(b)(1). Two points of error are advanced. First, appellant contends that the trial court erred
in overruling his suppression motion because the search warrant affidavit failed to reveal "any
basis of knowledge to establish how the confidential informant knew the plants were marihuana." 
Second, appellant urges that the trial court's ruling was in error because the "search warrant was
obtained as a result of information gained from a criminal trespass on the property of appellant."



Suppression Hearing


 At the evidentiary hearing, the State introduced the search warrant and the affidavit
upon which it was based. The affidavit was sworn to by Chief Deputy Gary W. Rowe of the
Blanco County Sheriff's Office on August 28, 1993. The affidavit described the property in some
detail, and a map pinpointing the property's location was attached to the affidavit. Chief Deputy
Rowe stated that the property was in the control of "John Doe" and other persons unknown and
that there was on the property "marihuana under cultivation" possessed by "John Doe" and
unknown persons on or about August 28, 1993. The affidavit then reflects:



Affiant was advised by a confidential informant that the said John Doe has a large
quantity of marihuana on or about the property described above. Informant
advised affiant that he has been to said property within the past 24 hours and had
personally observed approximately twenty (20) marihuana plants under cultivation. 
Affiant believes that the said informant is credible and his information reliable
because informant has been known in the community for thirty (30) years. 
Informant is a resident of Blanco County, Texas where he has never been charged
or convicted of any criminal offense. Informant was gainfully employed until a
debilitating illness forced him onto disability. Affiant has interviewed members
of the community concerning informant's general reputation for truth and veracity
and has thereby established that informant's general reputation is excellent.



 When a defendant seeks to suppress evidence on the basis of a violation of the
Fourth Amendment or Article I, section nine of the Texas Constitution, the burden of proof is
upon the defendant. Russell v. State, 717 S.W.2d 7, 9 (Tex. Crim. App. 1986); Johnson v. State,
834 S.W.2d 121, 122 (Tex. App.--Houston [1st Dist.] 1992, pet. ref'd). As a movant in a motion
to suppress evidence hearing, a defendant must produce evidence that defeats the presumption of
proper police conduct and shift the burden to the prosecution. Russell, 717 S.W.2d at 9; Musick
v. State, 862 S.W.2d 794, 799 (Tex. App.--El Paso 1993, pet. ref'd). A defendant meets his
initial burden by establishing that the search and seizure occurred without a warrant. Russell, 717
S.W.2d at 9. When the validity of a search is challenged and the State produces a warrant, the
defendant must go forward to establish the warrant's invalidity on some ground such as the lack
of probable cause. Russell, 717 S.W.2d at 9-10; Rumsey v. State, 675 S.W.2d 517, 520 (Tex.
Crim. App. 1984); State v. Morgan, 841 S.W.2d 494, 496 (Tex. App.--El Paso 1992, no pet.).

 At the suppression hearing in the instant case, the parties agreed to stipulate the
testimony of Tom Gourley, the informant. Gourley was a rancher living in Blanco County and
raising sheep. He had loaned a ram to Robert Zercher whose property was adjacent to the
property in question. On August 28, 1993, Zercher contacted Gourley and informed him that the
ram and six or seven of Zercher's ewes "had gotten loose" on the Zercher property. Gourley,
his brother, and several other men went to the Zercher property to look for the missing sheep. 
They were able to trap the ram and some of the ewes. Three or four ewes, however, went down
the Cottonwood Creek and under a fence separating the Zercher property and the adjacent
property. Gourley and others went to the front gate of the adjoining property from where they
could see an abandoned house with no door and no windows intact. Gourley knew that no one
actually lived on the property and thought it belonged to an heir of Ben Smith. Under the
circumstances, Gourley and his brother lifted the gate off its hinges and entered the property to
retrieve Zercher's ewes. The ewes were located in the back part of the property, but ran back
towards the creek and the Zercher property. As Gourley and the others followed, Gourley came 
upon a clump of cedar trees where he observed marihuana plants growing and an irrigation system
for the plants. Gourley had earlier seen marihuana growing, had seen pictures of marihuana, and
had watched a television show demonstrating the appearance of marihuana. Gourley knew at the
time that the plants were marihuana.

 When the ewes returned to the Zercher property by crossing under the fence,
Gourley returned to the gate and rehung it. Upon leaving the property, Gourley contacted the
Sheriff's Office. It was also stipulated that Gourley was not employed by any law enforcement
agency and that he received no compensation for his information.

 Appellant called Chief Deputy Rowe as a witness. Rowe agreed that Gourley's
stipulated testimony was what Gourley had told him. Rowe stated that he interrogated Gourley
to determine just how Gourley was able to determine the plants were marihuana rather than other
vegetation. Rowe knew that he was dealing with a citizen-informant. He was satisfied with
Gourley's knowledge of marihuana, although the facts surrounding Gourley's knowledge were not
included in the search warrant affidavit. When the search warrant was executed, Rowe noted that
the property was fenced "in the front," but he did not go around the perimeter. He did not see
any "posted" sign on the property.

 Appellant's affidavit, executed nine months after the alleged offense, was admitted
into evidence without objection. Appellant stated that he was owner of the property in question,
that he had not given the informant permission to be on the property at the time, that the property
was fenced with a locked gate, and that he had erected a "Posted" sign on the road side of the
fence. At the conclusion of the hearing, the trial court denied the motion to suppress evidence. 
No written findings were filed.



Validity of Warrant as to Informant's Basis of Knowledge


 A search warrant may not legally issue unless it is based on probable cause. U.S.
Const. Amend. IV; Tex. Const. art. I, § 9; Tex. Code Crim. Proc. Ann. art. 1.06 (West 1977);
Hughes v. State, 843 S.W.2d 591, 593 (Tex. Crim. App. 1992). Under both the Fourth
Amendment of the United States Constitution and article I, section 9 of the Texas Constitution,
an affidavit is sufficient to establish probable cause if, from the totality of the circumstances
reflected in the affidavit, the magistrate was provided with a substantial basis for concluding that
probable cause existed. Illinois v. Gates, 462 U.S. 213, 238-39 (1983); Bower v. State, 769
S.W.2d 887, 902 (Tex. Crim. App.), cert. denied, 492 U.S. 927 (1989). Probable cause
sufficient to support a search warrant exists if the facts contained within the four corners of the
search warrant affidavit (1) and the reasonable inferences drawn therefrom justify the magistrate's
conclusion that the object of the search is probably on the premises at the time of the warrant's
issuance. Cassias v. State, 719 S.W.2d 585, 587-88 (Tex. Crim. App. 1986).

 The "totality of circumstances" test permits the magistrate to assess and balance the
relative weights of all the various indicia of reliability pertaining to an informant's tip. Gates, 462
U.S. at 234. An affiant must present the magistrate with sufficient information to allow him to
determine probable cause; a mere conclusory statement will not do. Id. at 239; Trevino v. State,
875 S.W.2d 373, 375 (Tex. App.--Corpus Christi 1994, no pet.).

 In making the determination, the affidavit is interpreted in a commonsense, realistic
manner. A hypertechnical analysis should be avoided. Gibbs v. State, 819 S.W.2d 821, 830
(Tex. Crim. App. 1991), cert. denied, 112 S. Ct. 1205 (1992). The magistrate's determination
of probable cause is given great deference by the reviewing court. Gates, 462 U.S. at 236;
Johnson v. State, 803 S.W.2d 272, 289 (Tex. Crim. App. 1990), cert. denied, 111 S. Ct. 2914
(1991).

 Gates abandoned the rigid two-pronged test for determining whether an informant
establishes probable cause as delineated in Aguilar v. Texas, 378 U.S. 108 (1964). Gates, 462
U.S. at 223; Mayfield v. State, 800 S.W.2d 932, 934 (Tex. App.--San Antonio 1990, no pet.).
Nevertheless, an informant's veracity, reliability, and basis of knowledge are still relevant
considerations in the totality of the circumstances analysis. However, these elements are not now
entirely separate and independent requirements to be rigidly exacted in every case. Gates, 462
U.S. at 223. A deficiency in one may be compensated for by other indicia of reliability. Trevino,
875 S.W.2d at 376. An affiant can rely on hearsay as long as there is a substantial basis for
crediting the hearsay. Id.

 Affiant Rowe sought to establish the credibility and reliability of the informant by
pointing out that he had been a resident of the county for thirty years, had until recently been
employed, had no criminal record, and that interviews with members of the community
established that informant's reputation for truth and veracity was excellent. Cf. Adair v. State,
482 S.W.2d 247 (Tex. Crim. App. 1972). The source of the informant's information was that
he had personally been on the property in question within the last twenty-four hours and had
personally seen the marihuana plants. Appellant's first complaint is that the affidavit is deficient
to show probable cause because it fails to set forth any basis of knowledge reflecting just how the
informant knew the plants were marihuana. Appellant acknowledges that the suppression hearing
reflected the informant's basis of knowledge and that the affiant made inquiries about that
knowledge, but notes that the informant's basis of knowledge never made it within the four
corners of the affidavit. The argument is without merit. The affidavit is not rendered insufficient
merely because it alleges an informant has asserted that a substance he has seen is heroin,
marihuana, or other contraband but fails to show the informant's qualifications to recognize the
substance. Capistran v. State, 759 S.W.2d 121, 128 (Tex. Crim. App. 1988); Richardson v.
State, 622 S.W.2d 852, 857 (Tex. Crim. App. 1981); Torres v. State, 552 S.W.2d 821, 823-24
(Tex. Crim. App. 1977); Pecina v. State, 516 S.W.2d 401, 403 (Tex. Crim. App. 1974). 
Applying the "totality of the circumstances" test, we conclude that the affidavit was sufficient to
establish probable cause and that both the federal and state constitutional requirements have been
met with regard to appellant's initial contention. The trial court did not abuse its discretion.

 In addition, the Fourth Amendment accords special protection to people in their
persons, houses, papers, and effects, but that protection is not extended to "open fields." Oliver
v. United States, 466 U.S. 170, 178-79 (1984); Hester v. United States, 265 U.S. 57, 59 (1924);
White v. State, 890 S.W.2d 131, 134 (Tex. App.--Texarkana 1994, no pet.); Hurwitz v. State, 673
S.W.2d 347, 349 (Tex. App.--Austin 1984), aff'd, 700 S.W.2d 919 (Tex. Crim. App. 1985), cert.
denied, 474 U.S. 1102 (1986). The "open fields" doctrine allows a law enforcement officer to
enter and search an area of land without a warrant. Rosalez v. State, 875 S.W.2d 705, 713 (Tex.
App.--Dallas 1993, pet. ref'd); Beasley v. State, 683 S.W.2d 132, 133 (Tex. App.--Eastland 1984,
pet. ref'd). The term "open field" may be defined as any unoccupied or undeveloped area outside
the curtilage of a dwelling. (2) An "open field" need not be "open" or a "field" as those terms are
commonly understood. Moss v. State, 878 S.W.2d 632, 643 (Tex. App.--San Antonio 1994, pet.
ref'd). A fenced thickly wooded area may be an "open field" for the purpose of analysis under
the Fourth Amendment. Oliver, 446 U.S. at 180 n.11. It has been held that marihuana found in
a rural area about one hundred yards from a mobile home and barn was contraband growing in
an "open field." Its seizure was legal even if the search warrant was invalid for lack of probable
cause or other reason. Beasley, 683 S.W.2d at 133. In Beasley, the contention that article I,
section nine of the Texas Constitution afforded greater protection than the Fourth Amendment
with regard to "open fields" was rejected. It was held that the Texas Constitution does not
prohibit the application of the "open fields" doctrine. Id. at 135; see also Leal v. State, 736
S.W.2d 907, 909 (Tex. App.--Corpus Christi 1987), pet. dism'd, 773 S.W.2d 296 (Tex. Crim.
App. 1989).

 In the instant case, the evidence at the suppression hearing showed that the rural
property in question was unoccupied, the house was abandoned, and that the marihuana was found
in a clump of cedar trees some distance from the abandoned house. Even if the search warrant
was invalid for the lack of probable cause or other reason, the search would have been
constitutionally valid under the "open fields" doctrine. Beasley, 683 S.W.2d at 133. Even if the
facts stated in appellant's affidavit offered into evidence at the suppression hearing were true, one
cannot create a legitimate expectation of privacy in an open field or expand the curtilage of his
home to include an open field by erecting fences, gates, and "No Trespassing" signs around it. 
Rosalez, 875 S.W.2d at 714. Such actions do not create an expectation of privacy that society
recognizes as legitimate and reasonable. Id. Point of error one is overruled.



Point of Error Two


 In point of error two, appellant contends that the "trial court erred by denying
appellant's motion to suppress evidence obtained from the execution of the search warrant because
the search warrant was obtained as a result of information gained from a criminal trespass on the
property of appellant." In his motion to suppress, appellant stated in part that he would show the
trial court: "(1) Any information concerning the presence of any suspected contraband on the
property searched, as provided by the confidential informant in the search warrant affidavit would
have been obtained as a result of an unlawful criminal trespass on the property." (emphasis
added). At the suppression hearing, the trial court stated that it understood the issue to be that
"because he [informant] was trespassing, that his information could not be used to support a
search warrant." The trial court was not corrected in its understanding of the issue presented.

 A motion to suppress evidence is nothing more than a specialized objection to the
admissibility of evidence. Galitz v. State, 617 S.W.2d 949, 952 n.10 (Tex. Crim. App. 1981). 


Thus, a motion to suppress must meet the requirements of an objection. Mayfield, 800 S.W.2d
at 935. See Tex. R. App. P. 52(a). The error, if any, was that presented in the motion to
suppress. We interpret appellant's point of error two to be based on his motion to suppress (3) and
to be an attack upon the affidavit supporting the search warrant.



Review Does Not Permit a Look Behind the Face of the Affidavit


 In determining the validity of a search warrant affidavit, the reviewing court
considers only the information brought to the issuing magistrate's attention. The reviewing court
is thus limited to the four corners of the affidavit. Jones v. State, 833 S.W.2d at 123; Lagrone
v. State, 742 S.W.2d 659, 661 (Tex. Crim. App. 1987); Mayfield, 800 S.W.2d at 934. Texas
courts will not generally look behind the face of the affidavit to determine the validity of the
affidavit and the search warrant based thereon. Ramsey v. State, 579 S.W.2d 920, 922 (Tex.
Crim. App. 1979); Oubre v. State, 542 S.W.2d 875, 877 (Tex. Crim. App. 1976); Phenix v.
State, 488 S.W.2d 759, 765 (Tex. Crim. App. 1973). An exception is a proper Franks motion. 
Franks v. Delaware, 438 U.S. 154 (1978), held that when a defendant makes a substantial
preliminary showing that a false statement, made knowingly, intentionally, or with reckless
disregard for the truth, is included in the search warrant affidavit and that the false statement was
necessary to the finding of probable cause, the Fourth Amendment requires a hearing at the
defendant's request. Id. 438 U.S. at 155-56; see also Olivarri v. State, 838 S.W.2d 902 (Tex.
App.--Corpus Christi 1992, no pet.). The procedure for invoking Franks has been set out in
Dancy v. State, 728 S.W.2d at 781, and in Ramsey, 579 S.W.2d at 922. It is clear from these
authorities that appellant made no Franks motion. (4) The general rule prevails and appellant's
contention cannot be utilized to go behind the face of the affidavit in an attempt to unravel the
probable cause in the affidavit. Appellant's contention is without merit. Phenix, 488 S.W.2d at
765.



Article 38.23(a)


 If it could be argued that appellant's contention is not an attack upon the affidavit
but an independent claim based on the Texas statutory exclusionary rule which affords greater
protection than the federal and state constitutional provisions, then we must examine that statute. 
Article 38.23(a) of the Texas Code of Criminal Procedure provides in pertinent part:



(a) No evidence obtained by an officer or other person in violation of any
provisions of the Constitution or laws of the State of Texas, or of the
Constitution or laws of the United States of America, shall be admitted in
evidence against the accused on the trial of any criminal case.



Tex. Code Crim. Proc. Ann. art. 38.23(a) (West Supp. 1995) (emphasis added). The history of
this somewhat unusual Texas statute with its roots in the prohibition era has been related earlier. 
See Gillett v. State, 588 S.W.2d 361, 367-71 (Tex. Crim. App. 1979) (Roberts, J., dissenting);
see also Matthew W. Paul, Surmounting the Thorns of Article 38.23: A Proposed Interpretative
Guideline for the Texas Statutory Exclusionary Rule, 46 Baylor L. Rev. 309 (1994) (hereinafter
Paul). Paul R. Stone & Henry De La Garza, Criminal Trespass and the Exclusionary Rule in
Texas, 24 St. Mary's L. J. 443 (1993) (hereinafter Stone); Charles P. Bubany & Perry J.
Cockerell, Excluding Evidence Texas-Style: Can Private Searches Poison The Fruit?, 12 Tex.
Tech. L. Rev. 611 (1981) (hereinafter Bubany). Robert O. Dawson, State-Created Exclusionary
Rules in Search and Seizure: A Study of the Texas Experience, 59 Tex. L. Rev. 191, 226 (1981).



Who Is an "Other Person"?


 If evidence is challenged under article 38.23 on the ground that it was wrongfully
obtained by a private person in a private capacity, the defendant must establish that the private
person "obtained" that evidence in violation of a provision of the constitution or law of either
Texas or the United States. If evidence is not obtained in violation of any law, then its admission
at trial is not in contravention of article 38.23(a). (5) State v. Mayorga, 901 S.W.2d 943, 945
(Tex. Crim. App. 1995); Johnson v. State, 871 S.W.2d 744, 751 (Tex. Crim. App. 1994). At
first blush, the statutory language appears specific. The Court of Criminal Appeals, however,
recently observed that the Fourth Amendment does not require exclusion of incriminating evidence
illegally obtained through search by a private citizen and then added: "However, such a
conviction concerning our statutory exclusionary rule is by no means certain. See article 38.23(a),
VACCP." Brimage v. State, No. 70,105 (Tex. Crim. App. 1994), slip op. 19 n.14 (emphasis in
original). But see Hill v. State, 641 S.W.2d 543, 544 (Tex. Crim. App. 1982); Gillett v. State,
588 S.W.2d 361, 367-71 (Tex. Crim. App. 1979) (Roberts, J., dissenting); Irvin v. State, 563
S.W.2d 920, 924 (Tex. Crim. App. 1978); State v. Johnson, 896 S.W.2d 277, 291 (Tex.
App.--Houston [1st Dist.] pet. granted); Gardner v. State, 779 S.W.2d 498, 501 (Tex. App.--Fort
Worth 1989), pet. ref'd, 785 S.W.2d 501 (Tex. Crim. App. 1990); Burkett v. State, 760 S.W.2d
345, 346 (Tex. App.--Houston [1st Dist.] 1980, no pet.); cf. King v. State, 746 S.W.2d 515, 518
(Tex. App.--Dallas 1988, pet. ref'd) (article 38.23 applies to private actors only when private
actors are state agents). (6)


The Meaning of "Obtain"


 If it could be argued that Gourley, who was not a state agent, fell within the
meaning of an "other person," did he "obtain" evidence under article 38.23(a) by his naked eye
observation of the marihuana without a search for or seizure of the contraband? The word
"obtained" is not defined in the statute. When statutory words are not defined, they are ordinarily
given their plain meaning unless the statute itself clearly shows that they were used in some other
sense. Daniels v. State, 754 S.W.2d 214, 219 (Tex. Crim. App. 1988); State v. Garcia, 823
S.W.2d 793, 798 (Tex. App.--San Antonio 1992, pet. ref'd). In the absence of special definitions,
statutory language can be measured by common understanding and practices or construed in the
sense generally understood. Ely v. State, 582 S.W.2d 416, 419 (Tex. Crim. App. 1979). 
Statutory words are to be read in context and construed according to the rules of grammar and
common usage. Tex. Gov't Code Ann. § 311.011(a) (West 1988); State v. Sandoval, 842 S.W.2d
782, 787 (Tex. App.--Corpus Christi 1992, pet. ref'd). 

 With this background, we examine the word "obtained" as found in Article
38.23(a). "Obtain" means "[t]o get hold of by effort; to get possession of; to procure; to acquire
. . . ." Black's Law Dictionary 1078 (6th Ed. 1990). The American Heritage Dictionary of the
English Language 907 (1973) defines "obtain" as "[T]o succeed in gaining possession of
(something) as the result of planning or endeavor." "Obtain" has also been defined as "1. take
hold of; 1a. to gain or attain possession or disposal of [usually] by some planned action or
method." Webster's Third New International Dictionary 1559 (Merriam-Webster 1986).

 Giving "obtain" its ordinary and plain meaning, does the evidence demonstrate that
Gourley took hold of by effort, or obtained or gained possession of the marihuana by planned
action? We conclude that it does not. Assuming, arguendo, that the word may be given a broader
and more liberal construction so as to be inclusive of Gourley's private conduct, we pass to
whether the evidence was obtained in violation of any law contemplated by article 38.23(a). If
the evidence is not obtained in violation of any law, its admission at trial is not in contravention
of article 38.23(a). Johnson, 871 S.W.2d at 751.



What Law Violations Invoke Article 38.23(a)?


 The violation of just any "law" does not always invoke the provisions of article
38.23(a). In Roy v. State, 608 S.W.2d 645, 651 (Tex. Crim. App. 1980), the court held that the
violation of the Assumed Name Statute by undercover officers involved in a "sting" operation will
not require suppression under article 38.22(a) where the purpose of the statute violated is
unrelated to law enforcement practices. The primary purpose of the exclusionary statute is to
deter unlawful actions which violate the rights of criminal suspects. Id. Other cases have
followed suit or reached the same conclusion. Tannehill v. State, 666 S.W.2d 96, 97-98 (Tex.
Crim. App. 1984), held that a violation of a disciplinary rule of the Code of Professional
Responsibility of the State Bar of Texas did not constitute a violation of a state law within the 
meaning of the exclusionary statute. The fact that a physician who conducted a vaginal
examination of a rape complainant was not licensed to practice in Texas did not invoke article
38.23(a) and render his testimony concerning the results of the examination inadmissible. 
Andrews v. State, 296 S.W.2d 275, 276 (Tex. Crim. App. 1956). Fisher v. State, 839 S.W.2d
463, 469 (Tex. App.--Dallas 1992, no pet.), held that Health and Safety Code section 481.159 "has
nothing to do with the exclusionary rule." This Court in Stockton v. State, 756 S.W.2d 873, 874
(Tex. App.--Austin 1988, no pet.), refused to extend article 38.23(a) to encompass violations of
the Education Code. See also Ramirez v. State, 822 S.W.2d 240, 246 (tex. App.--Houston [1st
dist.] 1991, pet. ref'd) (an otherwise valid arrest is not invalidated by the fact that a citizen-informer who assisted officer in arrest illegally possessed a firearm). (7) "It seems evident that the
particular provision of the Constitution [sic] or laws which is violated in obtaining evidence must
exist for the purpose of regulating the acquisition of evidence to be used in a criminal case." 
Barton, § 2.0152 at 2-24.



The Criminals Trespass Statute


 Appellant contends that Gourley violated the criminal trespass statute (8) thus
rendering inadmissible evidence of the marihuana. We know that "common law" and "civil"
trespass do not amount to a violation of the law for the purposes of article 38.23(a). Crowell v.
State, 180 S.W.2d 343, 347 (Tex. Crim. App. 1944); Delosreyes v. State, 853 S.W.2d 684, 689-90 (Tex. App.--Houston [1st Dist.] 1993, pet. ref'd). A general criminal trespass offense did not
exist in Texas until 1971. Section 30.05 is a restatement of the earlier law "in terms that fit the
structure of the Penal Code." Seth S. Searcy & James R. Patterson, Practice Commentary, Tex.
Penal Code Ann. § 30.05 (West 1989).

 A trespass offense has two separate penal functions. It supplements the burglary
offense and is a lesser included offense thereof. That function is performed when the trespassory
entry is into a habitation. The more typical trespass, which covers the entry on land rather than
into a habitation, is annoying or offensive but not inherently frightening. Id.; see also Barton,
§ 2.015(B) at 2-25. "Criminal laws against trespass are prophylactic: they protect against
intruders who poach, steal livestock and crops, or valdalize property." Oliver, 466 U.S. at 1183
n.15. Can it be said that the purpose of the criminal trespass statute is the regulation of the
acquisition of evidence to be used in criminal cases in light of earlier case law? See Roy, 608
S.W.2d at 651; Barton, § 2.0152 at 2-24.

 Appellant relies upon State v. Hobbs, 824 S.W.2d 317 (Tex. App.--San Antonio
1992, pet. ref'd), to support his claim that a violation of the criminal trespass statute will invoke
article 38.23(a). Hobbs held that evidence obtained by law enforcement officers by virtue of their
criminal trespass was subject to suppression under article 38.23(a). In Hobbs, the officers, not
private persons, entered the defendant's ranch twice and found marihuana prior to obtaining a
search warrant and seizing the contraband. The opinion contained no discussion of the purposes
of the criminal trespass statute or other cases which hold that the application of the exclusionary
statute depends on the purpose of the statute in obtaining the evidence, the factor that was decisive
in Roy. See Barton, § 2.0152(B) at 2-26. The Hobbs rationale has been roundly criticized on
many grounds. Id.; Paul at 351 (Hobbs relies "upon a rationale which, if consistently followed,
would render evidence obtained as a result of all searches inadmissible under article 38.23.");
Stone at 458-61. Rosalez v. State, 875 S.W.2d 705, 714-15 (Tex. App.--Dallas 1993, pet. ref'd),
declined to follow Hobbs for still another reason. We also decline to follow Hobbs.

 Nevertheless, if it could be argued that the primary purpose of Article 38.23(a) is
to deter unlawful actions which violate the rights of criminal suspects, Roy, 608 S.W.2d at 651,
and the purpose of the criminal trespass statute violated by an individual acting in a private
capacity is related to the rights of criminal suspects so that any evidence "obtained" was in
violation of a law within meaning of article 38.23(a), we must examine the suppression hearing
to determine if the elements of section 30.05 (criminal trespass) were established. See footnote
8. Can it be said that the evidence sufficiently established the elements of notice? Without
reiterating the evidence, there was a conflict in the testimony about any sign on the property, and
while Gourley lifted a gate off its hinges, the testimony as to the fencing on the property was not
clear. Given the circumstances of the entry, was there a showing of a proper culpable mental
state? See Stone, 578 S.W.2d at 88-89. The trial court by its ruling at the suppression hearing
rejected the claim that there was a violation of section 30.05 so as to invoke the provisions of
article 38.23(a).



Review of a Suppression Hearing


 The trial court at a suppression hearing is the trier of fact and can accept or reject
any or all of any witness's testimony. Alvarado v. State, 853 S.W.2d 17, 23 (Tex. Crim. App.
1993); Allridge v. State, 850 S.W.2d 471, 492 (Tex. Crim. App. 1991), cert. denied, 114 S.Ct.
101 (1993). The trial court resolves all conflicts in the evidence at a suppression hearing. 
Hawkins v. State, 853 S.W.2d 598, 600 (Tex. App.--Amarillo 1993, no pet.). An appellate court
must view the evidence in the light most favorable to the trial court's ruling at the suppression
hearing. State v. Hamlin, 871 S.W.2d 790, 792 (Tex. App.--Houston [14th Dist.] 1994, pet.
ref'd); see also Upton v. State, 853 S.W.2d 548, 553 (Tex. Crim. App. 1993); Spillman v. State,
824 S.W.2d 806, 810 (Tex. App.--Austin 1992, pet. ref'd). Where as here, the record contains
the ruling but no findings of fact or conclusions of law, the appellate court must presume that the
trial court found whatever facts were needed to support its ruling. Johnson, 896 S.W.2d at 280. 
The court's ruling at the suppression hearing will be sustained if it can be upheld on any valid
theory regardless of whether the State argued it at trial or on appeal. Nored v. State, 875 S.W.2d
392, 395 (Tex. App.--Dallas 1993, pet. ref'd) (citing Lewis v. State, 664 S.W.2d 345, 347 (Tex.
Crim. App. 1984)). We do not engage in our own factual review. Romero v. State, 800 S.W.2d
539, 543 (Tex. Crim. App. 1980). Absent an abuse of discretion, the trial court's ruling will not
be disturbed on appeal where the evidence supports the ruling. Nored, 875 S.W.2d at 394-95. 
We consider only whether the trial court improperly applied the law to the facts. Romero, 800
S.W.2d at 543. We find no such misapplication.



Good Faith Exception


 Moreover, appellant does not seek to suppress just Gourley's testimony as to his
observation of the growing marihuana, but to suppress all evidence pertaining to the seizure of
the marihuana. There is, of course, a specific legislative exception to the provisions of article
38.23(a). Subsection (b) of the statute provides: "(b) It is an exception to Subsection (a) of this
Article that the evidence was obtained by a law enforcement officer acting in objective good faith
reliance upon a warrant issued by a neutral magistrate based on probable cause."

 Article 38.23(b) is not a codification of the "good faith" rule of United States v.
Leon, 468 U.S. 897 (1984), because this statute requires a finding of probable cause while the
exception enunciated in Leon appears more flexible in allowing a good faith exception to the
federal exclusionary rule if the officer's belief in probable cause is reasonable. Thus, we must
direct our attention to the validity of the warrant and the affidavit supporting it without recourse
to any "good faith" exception to the warrant requirement. See Curry v. State, 808 S.W.2d 481,
482 (Tex. Crim. App. 1991); Gordon v. State, 801 S.W.2d 899, 912-13 (Tex. Crim. App. 1990),
overruled on other grounds, Heitman v. State, 815 S.W.2d 681 (Tex. Crim. App. 1991). The
Texas "good faith" exception is not co-extensive with the federal "good faith" exception but
applies only if the supporting affidavit states probable cause. Davis v. State, 831 S.W.2d 426,
441 (Tex. App.--Austin 1992, pet. ref'd); Flores v. State, 827 S.W.2d 416, 418 (Tex.
App.--Corpus Christi 1992, pet. ref'd); see also Lockett v. State, 852 S.W.2d 636, 637-38 (Tex.
App.--Houston [14th Dist.]), vacated on other grounds, 861 S.W.2d 253 (Tex. Crim. App. 1993).

 In the instant case, Deputy Rowe seized and thus obtained the marihuana in
question pursuant to the execution of a search warrant which we have determined was based on
probable cause. There was no challenge to the neutrality of the magistrate, and no showing that
the non-lawyer deputy sheriff acted in any other manner than "in objective good reliance upon"
the warrant in obtaining the evidence. The officer did not engage in any willful or negligent
conduct. Article 38.23(a) has as its primary purpose the deterrence of police activity which could
not have been reasonably believed to be lawful by the officer committing the same. Drago v.
State, 553 S.W.2d 375, 378 (Tex. Crim. App. 1977); Owens v. State, 861 S.W.2d 419, 420 (Tex.
App.--Dallas 1993, no pet.); Reed, 818 S.W.2d at 571. The purposes of deterrence would be
difficult to justify under the facts of the instant case.

 In Reed, it was held that evidence obtained when the defendant bought cocaine from
an undercover police officer was admissible in a prosecution for possession of cocaine, even if
it was illegal for the officer to have delivered the cocaine, when the officer could have reasonably
believed that the delivery was exempt from prosecution under certain provisions of the Texas
Health and Safety Code. Probable cause existed for the defendant's arrest and the possession of
the cocaine was a separate offense from the initial delivery. There was no violation of article
38.23(a) nor the "fruits of the poisonous tree" doctrine. Id., 818 S.W.2d at 571. Cf. United
States v. Kiser, 948 S.W.2d 418, 421 (8th Cir. 1991); United States v. Puna, 937 F.2d 151, 158
(5th Cir. 1991); United States v. White, 890 F.2d 1413, 1419 (8th Cir. 1989), cert. denied, 111
S.Ct. 77 (1990). Suppression of evidence obtained pursuant to a valid search warrant based on
probable cause should be ordered only on a case-by-base basis and only in those cases in which
exclusion will further the purposes of the exclusionary rule of article 38.23(a). Cf. Leon, 468
U.S. at 918.

 We conclude and hold that the trial court's ruling at the suppression hearing was
also supported by the provisions of article 38.23(b). Point of error two is overruled.

 The judgment is affirmed.



 

 John F. Onion, Jr., Justice

Before Justices Powers, B. A. Smith and Onion*

Affirmed

Filed: November 8, 1995

Publish




* Before John F. Onion, Jr., Presiding Judge (retired), Court of Criminal Appeals, sitting by
assignment. See Tex. Gov't Code Ann. § 74.003(b) (West 1988).
1.   In determining the sufficiency of the search, a reviewing court is limited to the four
corners of the affidavit for the warrant. Jones v. State, 833 S.W.2d 118, 123 (Tex. Crim.
App. 1992).
2.   The Fourth Amendment does protect the curtilage of a home. See United States v.
Dunn, 480 U.S. 294, 300 (1987).
3.   The complaint on appeal must comport with the trial objection or nothing is presented
for review. Fuller v. State, 827 S.W.2d 919, 928 (Tex. Crim. App. 1992). An objection stating
one legal theory may not be used to support a different legal theory on appeal. Rezac v. State,
782 S.W.2d 869, 870 (Tex. Crim. App. 1990).
4.   Appellant does not cite or rely upon Franks.
5.   Quite apart from Article 38.23(a), a wrongful search or seizure by a private party does
not violate the Fourth Amendment nor deprive the prosecution of the right to use the
evidence. Walter v. United States, 447 U.S. 649, 656 (1980); see also United States v. Jacobsen,
466 U.S. 109, 115 (1984); Stoker v. State, 788 S.W.2d 1, 10-11 (Tex. Crim. App. 1989), cert.
denied, 498 U.S. 951 (1990); Dawson v. State, 868 S.W.2d 363, 369 (Tex. App.--Dallas 1993,
pet. ref'd). The same is true of article I, section 9 of the Texas Constitution. State v. Comeaux,
818 S.W.2d 46, 49 (Tex. Crim. App. 1991); Tin Man Lee v. State, 773 S.W.2d 47, 48 (Tex.
App.--Houston [1st Dist.] 1989, no pet.). The question which is relevant from a constitutional
standpoint is whether Tom Gourley was acting as an agent or "instrument" of the State in the
instant case. See Coolidge v. New Hampshire, 403 U.S. 443, 487 (1981). Two factors to be
considered in determining whether a person was acting as an agent or "instrument" of the State
are (1) whether the State knew of, and acquiesced in the intrusive conduct, and (2) whether the
party performing the search intended to assist law enforcement efforts or to further his own ends. 
See United States v. Bazan, 807 F.2d 1200, 1203 (5th Cir.), cert. denied, 481 U.S. 1038 (1987);
Stoker, 728 S.W.2d at 11. The evidence here does not show that Gourley was an agent of the
State under either the federal or Texas constitutions.
6.   One commentary observed that if the Legislature had intended article 38.23(a) to apply
to everyone, it could have used the term "any person" rather than "officer or other person,"
that the ejusdem generis and noscitur a sociis rules of statutory construction and the legislative
history of the statute support the conclusion that the statutory language used meant to limit the
scope of the term "other persons," and that it is plausible that the term should be limited to an
"other person," aiding the police or performing law enforcement functions. Bubany at 624. See
also Judge Robert R. Barton, Texas Search and Seizure, § 2.0152 (1993) (hereinafter Barton).


 Appellant has cited several cases, none of which clearly answers the question. Fuller v.
State, 829 S.W.2d 191, 201 (Tex. Crim. App. 1992), held that the defendant had no standing
under article 38.23(a) to complain of the admission into evidence of a sexually explicit tape
recording that he made while in jail and gave to a female inmate from whom the tape was stolen
and given to the police. In Stone v. State, 574 S.W.2d 85, 88-89 (Tex. Crim. App. 1978),
photographs taken by a babysitter were not excludable under article 38.23(a) because their taking
did not constitute theft. In Bodde v. State, 568 S.W.2d 344, 352 (Tex. Crim. App. 1978), the
landlady entered the defendant's rented apartment to prepare it for a new tenant after the
defendant's arrest. She discovered bonds and rings belonging to the murder victim. Noting that
she was rightfully in the premises, the court held article 38.23(a) did not render inadmissible the
items the landlady seized. In Jackson v. State, 548 S.W.2d 685, 693 (Tex. Crim. App. 1977),
a private citizen seized a gun from the defendant's car. The admission of such evidence was held
harmless where the defendant testified as to the shooting, the possession of the gun and the same
facts.


 In Flanary v. State, 117 S.W.2d 71, 72 (Tex. Crim. App. 1938), agents of the Texas Liquor
Control Board executed a search warrant. At the time such agents were not statutorily defined
as "peace officers" and were unauthorized to execute a search warrant directed to "a peace
officer." The evidence seized was suppressed. Henson v. State, 49 S.W.2d 463, (Tex. Crim.
App. 1932), involved the stop and warrantless search of an automobile for liquor by a sheriff
outside his county. It was held that the search without a warrant was beyond the sheriff's
authority and jurisdiction and was a search by a private citizen which was illegal. The evidence
was deemed to have been improperly admitted.
7.   For other cases, see Reed, 818 S.W.2d at 571-72; Lopez v. State, 817 S.W.2d 150 (Tex. 
App.--El Paso 1991, no pet.); Jackson v. State, 717 S.W.2d 713 (Tex. App.--San Antonio 1986,
pet. ref'd, untimely filed); see also Paul, at 327-335.
8.   Tex. Penal Code Ann. § 30.05 (West 1994). For convenience, we have cited the current
version of section 30.05:


A person commits criminal trespass if (1) without effective consent, (2) he enters
or remains on the property of another, (3) knowingly or intentionally or
recklessly, (4) when he had notice that entry was forbidden or received notice
to depart but failed to do so. Vanderburg v. State, 843 S.W.2d 286, 287-88 (Tex.
App.--Houston [1st dist.] 1992), reversed and remanded on other grounds, 874
S.W.2d 683 (Tex. Crim. App. 1994); Langston v. State, 812 S.W.2d 406, 408 (Tex.
App.--Houston [14th Dist.] 1991, aff'd, 855 S.W.2d 718 (Tex. Crim. App. 1993. 
See also West v. State, 567 S.W.2d 515, 516 (Tex. Crim. App. 1978).



n agent or "instrument" of the State in the
instant case. See Coolidge v. New Hampshire, 403 U.S. 443, 487 (1981). Two factors to be
considered in determining whether a person was acting as an agent or "instrument" of the State
are (1) whether the State knew of, and acquiesced in the intrusive conduct, and (2) whether the
party performing the search intended to assist law enforcement efforts or to further his own ends. 
See United States v. Bazan, 807 F.2d 1200, 1203 (5th Cir.), cert. denied, 481 U.S. 1038 (1987);
Stoker, 728 S.W.2d at 11. The evidence here does not show that Gourley was an agent of the
State under either the federal or Texas constitutions.
6.   One commentary observed that if the Legislature had intended article 38.23(a) to apply
to everyone, it could have used the term "any person" rather than "officer or other person,"
that the ejusdem generis and noscitur a sociis rules of statutory construction and the legislative
history of the statute support the conclusion that the statutory language used meant to limit the
scope of the term "other persons," and that it is plausible that the term should be limited to an
"other person," aiding the police or performing law enforcement functions. Bubany at 624. See
also Judge Robert R. Barton, Texas Search and Seizure, § 2.0152 (1993) (hereinafter Barton).


 Appellant has cited several cases, none of which clearly answers the question. Fuller v.
State, 829 S.W.2d 191, 201 (Tex. Crim. App. 1992), held that the defendant had no standing
under article 38.23(a) to complain of the admission into evidence of a sexually explicit tape
recording that he made while in jail and gave to a female inmate from whom the tape was stolen
and given to the police. In Stone v. State, 574 S.W.2d 85, 88-89 (Tex. Crim. App. 1978),
photographs taken by a babysitter were not excludable under article 38.23(a) because their taking
did not constitute theft. In Bodde v. State, 568 S.W.2d 344, 352 (Tex. Crim. App. 1978), the
landlady entered the defendant's rented apartment to prepare it for a new tenant after the
defendant's arrest. She discovered bonds and rings belonging to the murder victim. Noting that
she was rightfully in the premises, the court held article 38.23(a) did not render inadmissible the
items the landlady seized. In Jackson v. State, 548 S.W.2d 685, 693 (Tex. Crim. App. 1977),
a p