**The STATE of Texas, Appellant,**

**v.**

**Bobby Lynn DAVIS, Appellee.**

**No. 01–98–00668–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Feb. 18, 1999.

Rehearing Overruled April 1, 1999.

Daniel W. Leedy, Bellville, Laura Gonzalez, Bellville, for appellant.

Craig A. Washington, Bastrop, for appellee.

Panel consists of Justices O'CONNOR, TAFT, and PRICE.[1]

## OPINION

TAFT, J.

Appellee, Bobby Lynn Davis, was charged by information with possession of marihuana. Following a hearing, the trial court granted appellee's motion to suppress evidence. This is a State's appeal of that ruling. We address whether the State can succeed on a State's appeal of an adverse ruling on a motion to suppress without having secured the trial court's findings of fact. We affirm.

---

1. The Honorable Frank C. Price, former Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

### Absence of Findings of Fact

In its sole issue for review, the State contends the trial court abused its discretion by suppressing the physical evidence surrounding the arrest. From this record, we do not know the reason the trial court granted the motion to suppress. We are thus confronted with a threshold issue not addressed by the parties. What if the trial court granted appellee's motion to suppress because it did not believe the State's witnesses? *See, e.g., State v. Lopez,* 763 S.W.2d 939, 942–44 (Tex.App.—Houston [1st Dist.] 1989, pet. ref'd). Assuming that the State's legal position is sound, this is the only valid reason why the trial court could have granted the motion to suppress. *See State v. Johnson,* 896 S.W.2d 277, 293 (Tex.App.—Houston [1st Dist.] 1995) (Cohen, J., concurring) *aff'd,* 939 S.W.2d 586 (Tex.Crim.App.1996).

It is well settled that the trial court is the exclusive finder of fact in a suppression hearing; it may choose to believe or not believe any or all of any witness's testimony. *Meek v. State,* 790 S.W.2d 618, 620 (Tex.Crim.App.1990). To presume that the trial court found true the State's evidence upon which the State relies for its admittedly strong legal position, we would be violating the principle that we view the evidence in the light most favorable to the trial court's ruling. *See Green v. State,* 934 S.W.2d 92, 98 (Tex.Crim.App.1996). Therefore, in the absence of trial court findings of fact, we are unable to hold that the trial court abused its discretion in granting appellee's motion to suppress. *See State v. Johnson,* 896 S.W.2d at 294; *State v. Rivenburgh,* 933 S.W.2d 698, 700–701 (Tex.App.—San Antonio 1996, no pet.).

Accordingly, we overrule the State's sole issue for review and affirm the trial court's ruling that granted appellee's motion to suppress evidence.