TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-99-00316-CR






The State of Texas, Appellant



v.



Johnny Burgess, Appellee






FROM THE COUNTY COURT AT LAW NO. 2 OF BELL COUNTY


NO. 2C99-0793, HONORABLE GERALD BROWN, JUDGE PRESIDING 







 This is an interlocutory appeal by the State of Texas challenging the county court's
ruling suppressing marihuana. See Tex. Code Crim. Proc. Ann. art. 44.01(a)(5) (West Supp.
1999). Police discovered the contraband under Johnny Burgess's mattress during a search
prompted by Burgess's report of the murder of his roommate. We will affirm the order
suppressing the evidence.


Background


 Burgess summoned police to his trailer home in the early morning of November
17, 1998. He reported that he had found his housemate bludgeoned to death in the living room. 
He also said someone had apparently searched the trailer. The patrol officers who initially
responded looked for remaining intruders; finding none, they secured the scene.

 Officer John Wedge arrived between 5:00 and 5:30 a.m. and searched all the rooms
for evidence relating to the homicide. He was searching for obvious murder weapons, signs of
struggle, or any other evidence of the murder. Wedge noticed drops of blood leading down the
hall toward Burgess's bedroom. A doorlock assembly lay on the floor by Burgess's bedroom door
as if someone had been installing the lock. Wedge noticed a smell of burnt marihuana several
hours old near Burgess's bedroom. Drawers were pulled open throughout the trailer. 

 Wedge photographed the scene and called additional investigators. Two officers
who specialized in blood spatter analysis examined the body and the living room. Investigator
Donald Blair arrived around noon searched Burgess's bedroom for a weapon or other evidence. 
Blair also noticed a strong odor of burnt marihuana in Burgess's room. Lifting Burgess's
mattress, Blair found a glass tray containing marihuana, rolling papers, and a rolling device.

 Burgess moved to suppress the marihuana, contending that searching underneath
his mattress exceeded the scope of any exigencies of a murder scene and of his consent to search.

 The county court at law suppressed the marihuana without specifying a basis.


Burdens of Proof and Standards of Review


 In this case, because the police undisputedly did not have a warrant, the State had
the burden to prove the reasonableness of the search or seizure. See McVickers v. State, 874
S.W.2d 662, 664 (Tex. Crim. App. 1993); Hooper v. State, 533 S.W.2d 762, 767 (Tex. Crim.
App. 1975). (1)

 Our standard of review of the court's ruling on a motion to suppress depends on
the nature of the decision made by the court. We review pure questions of law de novo. Guzman
v. State, 955 S.W.2d 85, 88 (Tex. Crim. App. 1997). We defer almost totally to a trial court's
determination of the historical facts that the record supports, especially when the trial court's fact
findings are based on an evaluation of credibility and demeanor. Id. at 89. We similarly defer
to trial court rulings on mixed questions of law and fact if the resolution of those ultimate
questions turns on an evaluation of credibility and demeanor. See id. Mixed questions of law and
fact not falling within this category we review de novo . See id.

 We must view the evidence in the light most favorable to the court's decision. 
State v. Johnson, 896 S.W.2d 277, 280 (Tex. App.--Houston [1st Dist.] 1995), aff'd on other
grounds, 939 S.W.2d 586 (Tex. Crim. App. 1996). Where the record contains the ruling but no
findings of fact or conclusions of law, the appellate court must presume that the trial court found
whatever facts were needed to support its ruling. See Butterfield v. State, 992 S.W.2d 448, 458
(Tex. Crim. App. 1999); see also State v. Davis, 991 S.W.2d 882, 883 (Tex. App.--Houston [1st
Dist.] 1999, no pet.); Carroll v. State, 911 S.W.2d 210, 222 (Tex. App.--Austin 1995, no pet.). 
On a motion to suppress, the trial court is the exclusive finder of fact and may choose to believe
or disbelieve any or all of a witness's testimony. See Meek v. State, 790 S.W.2d 618, 620 (Tex.
Crim. App. 1990). To hold that the trial court abused its discretion, we must determine that the
evidence would not support a finding that the searches were unlawful. See id.


 Discussion


 The State contends the evidence was admissible because Burgess consented to the
search by calling police. The State relies on Brown v. State, in which the Court of Criminal
Appeals held that


when a crime is reported to the police by an individual who owns or controls the
premises to which the police are summoned, and that individual either states or
suggests that it was committed by a third person, he or she implicitly consents to
a search of the premises reasonably related to the routine investigation of the
offense and the identification of the perpetrator. As long as the individual is not
a suspect in the case or does nothing to revoke his consent, the police may search
the premises for these purposes, and evidence obtained thereby is admissible. This
implied consent is valid only for the initial investigation conducted at the scene and
does not carry over to future visits to the scene.



Brown v. State, 856 S.W.2d 177, 182 (Tex. Crim. App. 1993) (emphasis added). The State
argues that Burgess implicitly consented to the search by summoning police to his home and that
the resulting search was within the bounds of that consent. The State contends that the officers
were searching in part for a murder weapon and that they were reasonable in searching underneath
the mattress. The State asserts that the law does not protect an individual against the "folly" of
inviting police to search an area in which marihuana is hidden. The State obliquely warns that
affirmance of this ruling will unduly restrict the police during investigations.

 We must affirm the suppression of evidence. Because the State had the burden to
prove the warrantless search reasonable, the State had to introduce evidence that either directly
or inferentially proved that the police did not consider Burgess a suspect in the killing when they
searched under his mattress. See McVickers, 874 S.W.2d at 664; Brown, 856 S.W.2d at 182. 
Without findings of fact or conclusions of law, we must presume that the county court at law
found whatever facts were needed to support his ruling. See Butterfield, 992 S.W.2d at 458; see
also Carroll, 911 S.W.2d at 222. The court may have found incredible the inference that the
police did not suspect Burgess, given the trail of blood leading from the murder site into Burgess's
bedroom. If the court accepted the inference that Burgess was not a suspect, the court may
instead have found incredible the assertion that police were looking underneath Burgess's mattress
for a weapon stowed by the murderer. Either way, under Brown, the court could have concluded
that the search for a weapon underneath Burgess's mattress exceeded the scope of the consent. 
See id. Alternatively, the court may have determined that the initial investigation concluded
sometime before noon, and thus concluded that Blair's search under the mattress occurred outside
the period for which the consent was valid. See id. Each of these possible reasons for decision
turns wholly or chiefly on a credibility determination; thus, we must defer to the county court at
law's decision. See Guzman, 955 S.W.2d at 88.

 Our holding should not be construed to mean that searching under a mattress more
than six hours after the initial police response is per se unreasonable or beyond the consent period. 
We merely hold that on the facts and trial-court record presented we cannot conclude that the
county court at law abused his discretion by ordering that the evidence be suppressed.

Conclusion


 Having resolved the issue on appeal in Burgess's favor, we affirm the county court
at law's order suppressing the evidence.


 
 

 Lee Yeakel, Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Yeakel

Affirmed

Filed: November 12, 1999

Do Not Publish
1. A defendant seeking to suppress evidence has the burden of persuasion. Mattei v. State, 455
S.W.2d 761, 765-66 (Tex. Crim. App. 1970). Initially, the defendant must produce evidence
defeating the presumption of proper police conduct, i.e. that the search or seizure occurred
without a warrant. The burden of production then shifts to the State to produce evidence of a
warrant. Id. If the State does, the burden of production shifts back to the defendant to show the
invalidity of the warrant. Rumsey v. State, 675 S.W.2d 517, 520 (Tex. Crim. App. 1984). If the
State is unable to produce evidence of a warrant, then it must prove the reasonableness of the
search or seizure. Hooper v. State, 533 S.W.2d 762, 767 (Tex. Crim. App. 1975).



suspect in the case or does nothing to revoke his consent, the police may search
the premises for these purposes, and evidence obtained thereby is admissible. This
implied consent is valid only for the initial investigation conducted at the scene and
does not carry over to future visits to the scene.



Brown v. State, 856 S.W.2d 177, 182 (Tex. Crim. App. 1993) (emphasis added). The State
argues that Burgess implicitly consented to the search by summoning police to his home and that
the resulting search was within the bounds of that consent. The State contends that the officers
were searching in part for a murder weapon and that they were reasonable in searching underneath
the mattress. The State asserts that the law does not protect an individual against the "folly" of
inviting police to search an area in which marihuana is hidden. The State obliquely warns that
affirmance of this ruling will unduly restrict the police during investigations.

 We must affirm the suppression of evidence. Because the State had the burden to
prove the warrantless search reasonable, the State had to introduce evidence that either directly
or inferentially proved that the police did not consider Burgess a suspect in the killing when they
searched under his mattress. See McVickers, 874 S.W.2d at 664; Brown, 856 S.W.2d at 182. 
Without findings of fact or conclusions of law, we must presume that the county court at law
found whatever facts were needed to support his ruling. See Butterfield, 992 S.W.2d at 458; see
also Carroll, 911 S.W.2d at 222. The court may have found incredible the inference that the
police did not suspect Burgess, given the trail of blood leading from the murder site into Burgess's
bedroom. If the court accepted the inference that Burgess was not a suspect, the court may
instead have found incredible the assertion that police were looking underneath Burgess's mattress
for a weapon stowed by the murderer. Either way, under Brown, the court could have concluded
that the search for a weapon underneath Burgess's mattress exceeded the scope of the consent. 
See id. Alternatively, the court may have determined that the initial investigation concluded
sometime before noon, and thus concluded that Blair's search under the mattress occurred outside
the period for which the consent was valid. See id. Each of these possible reasons for decision
turns wholly or chiefly on a credibility determin